IN THE UNITED STATES DISTRICT COUR
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DONNA BROOKS, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| ZANBAKA USA 30 LLC d/b/a DUKES | § | |
|     Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Donna Brooks, Plaintiff, complaining of ZANBAKA USA 30 LLC d/b/a DUKES ("Dukes Travel Plaza"), Defendant, and would respectfully show:

## PARTIES

1. Plaintiff Donna Brooks is a citizen of Tennessee and the United States and has been domiciled at all material times in Rutherford County, Tennessee.

2. Defendant ZANBAKA USA 30 LLC d/b/a DUKES is a limited liability company doing business in Texas with its headquarters and principal place of business in Canton, Texas.

3. Defendant ZANBAKA USA 30 LLC d/b/a DUKES may be served with process through its registered agent for service of process, Yousef Zoubi, 21620 I-20, Canton, Texas 75103, or wherever said agent may be found.

## JURISDICTION

4. There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00). Jurisdiction in this judicial district therefore exists under 28 U.S.C. § 1332.

## VENUE

5. Venue is proper in the United States District Court for the Eastern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions complained of occurred within the District.

## FACTUAL BASIS OF CLAIM

6. On or about December 16, 2018, Plaintiff sustained personal injuries on the premises of the Dukes Travel Plaza located at 300 SE Access Road, Mt. Vernon, Texas.

7. At the time of the incident in question, Plaintiff worked as an independent truck driver. She stopped at Dukes Travel Plaza, and while leaving the restroom area, she lost her balance due to unlevel flooring and fell. No markings or signs were warning of the drop-off in the flooring. Plaintiff suffered a broken hip among other injuries.

## CAUSES OF ACTION

9. At the time of the occurrence in question Plaintiff was a business invitee on Defendant's premises.

10. The premises were owned or otherwise under the control of Defendant and the activities of third parties on the premises, including Plaintiff, were controlled by Defendant.

11. Plaintiff was on the premises with the knowledge and permission of Defendant and for their mutual benefit. Because Plaintiff was a business invitee on the premises

Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises in reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

12. Defendant knew or should have known that the condition of the premises created an unreasonable risk of harm to invitees.  Defendant had a duty to provide and ensure a safe means of access and egress to and from the control room.  Defendant had a duty to inspect the surface of the safety walkway regularly and as necessary and maintain it in a safe condition.  Any hazardous conditions on the safety walkway should have been immediately corrected or repaired.  If the correction or repair could not have been made immediately, the hazard should have been guarded to prevent persons from using the walking surface until the hazard was corrected or repaired.  Defendant failed to exercise ordinary care to reduce or eliminate this risk to users of the safety walkway, including Plaintiff.  Defendant's failure to exercise reasonable care to reduce or eliminate this risk or warn Plaintiff of same was a proximate cause of her injuries.

13. Plaintiff bases her causes of action in part upon negligence or negligence *per se* as these terms are defined under the common law and statutes of Texas and the doctrines of *respondeat superior* and *res ipsa loquitur* are invoked where applicable.

14. Plaintiff would show that Defendant's conduct through its officers, employees, or agents, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which were a proximate cause of the occurrence or injury in question and Plaintiff's damages resulting from the occurrence or injury in question.

15. All conditions precedent to filing this lawsuit and bringing said causes of action have been performed or have occurred.

## REQUEST FOR RELIEF

16. Plaintiff has suffered damages in the past and in reasonable probability will suffer damages in the future proximately resulting from the occurrence in question.

17. These damages include damages resulting to Plaintiff conditioned as she was at the time of this occurrence, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

18. These damages include physical pain, mental anguish, loss of enjoyment of life, loss of earnings or earning capacity, physical and mental impairment, and reasonable expenses for necessary health care including rehabilitative services and devices resulting from the injuries sustained in this occurrence.

19. These damages include any subsequent aggravation of the injuries sustained in this occurrence.

## JURY DEMAND

20. Plaintiff requests a trial by jury.

21. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant in an amount to be determined by the jury, prejudgment interest; interest on the judgment at the legal rate; costs of court, and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

ROBERTS & ROBERTS


BY: */s/ Michael Ace*
    Michael Ace
    *(lead attorney)*
    Bar No. 00828800
    Mike@RobertsLawFirm.com
    Randell C. Roberts
    Bar No. 17016490
    Randy@RobertsLawFirm.com
    118 West Fourth Street
    Tyler, TX  75701-4000
    Ph:    (903) 597-6655
    Fax:   (903) 597-1600
    **Attorneys for Plaintiff**